[No. 12864-4-III. Division Three. November 18, 1993.]

*In the Matter of the Personal Restraint of*
HERBERT CAUDLE, *Petitioner.*

*James J. Barlow,* for petitioner.

*Amdrew K. Miller, Prosecuting Attorney for Benton County,* for respondent.

MUNSON, J. — Herbert Caudle was sentenced following his conviction of two counts of delivery of a controlled substance, cocaine. RCW 69.50.401(a)(1)(i). Based on his criminal history, his standard sentence range under RCW 9.94A.310 is 57 to 75 months. The court imposed a sentence of 65 months' total confinement plus 1 year of community placement required by RCW 9.94A.120(8)(a). Mr. Caudle contends the total length of his sentence, including the 12 months of community placement, exceeds the maximum standard range sentence of 75 months, thus constituting an exceptional sentence outside the standard range. RCW 9.94A.120(1). An exceptional sentence must be supported by express written findings; none was entered here. RCW 9.94A.120(3).

██ The Legislature has the authority to set the appropriate punishments for criminal offenses. *State v. Jeffries*, 105 Wn.2d 398, 717 P.2d 722, *cert. denied*, 479 U.S. 922 (1986); *State v. Fain*, 94 Wn.2d 387, 617 P.2d 720 (1980). RCW 9.94A.120(8)(a) requires the court, in certain cases, to sentence the offender to a 1-year term of community placement "in addition to the other terms of the sentence . . .". This language does not support the inference the Legislature, by adding the community placement requirement, intended to reduce by 1 year the maximum standard range period of confinement to which persons convicted of certain particularly serious crimes could be sentenced.

The presumptive sentence ranges set forth in RCW 9.94A-.310 "are expressed in terms of total confinement." RCW 9.94A.370(1).

> "Total confinement" means confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state . . . for twenty-four hours a day . . ..

Former RCW 9.94A.030(27).[1] Community placement refers to a period which begins "either upon completion of the term of confinement (postrelease supervision) or at such time as the offender is transferred to community custody in lieu of earned early release." Former RCW 9.94A.030(4).[2] Thus, the presumptive sentence ranges for total confinement do not include periods of community placement. As long as the confinement and the community placement do not exceed the statutory maximum sentence, there is no error. Nor is the addition of community placement an exceptional sentence as defined in RCW 9.94A.120(2).

The personal restraint petition is denied.

THOMPSON, C.J., concurs.


SWEENEY, J. (concurring) — I concur in the result reached by the majority because I do not believe that the Legislature,

---

[1]Now RCW 9.94A.030(31).

[2]Now RCW 9.94A.030(5).

by the passage of RCW 9.94A.120(8)(a), intended to reduce the sentencing range for defendants subject to community placement. I write separately because that intention is not clear. There is no legislative statement of intent whether community placement is included within or is in addition to the standard range sentence.

This is contrary to other provisions of the Sentencing Reform Act of 1981 (SRA) in which the legislative intent is clear. For instance, when a period of confinement is increased because a defendant was armed with a deadly weapon or if a crime was committed in a jail or correctional facility, the additional sentence is clearly *added* to the entire presumptive range. RCW 9.94A.370(1). When the court is given the option of imposing community supervision on a first-time offender, the period of supervision is expressly included in the standard range sentence. RCW 9.94A.210(1); *State v. Bernhard*, 108 Wn.2d 527, 538, 741 P.2d 1 (1987).

The purpose of statutory construction is to give content and force to the intent of the Legislature. *In re Williams*, 121 Wn.2d 655, 663, 853 P.2d 444 (1993). In attempting to determine that intent, we look to the language of the statute. *In re Williams*, *supra*. As our Supreme Court noted in *Bernhard*, the definition of "standard range" is not precise: "Although somewhat ambiguous on the issue, the statutory language suggests that 'standard range' is a multifaceted concept embracing both the duration and conditions of the sentence imposed." *Bernhard*, at 538. Prior to 1988, community placement was neither authorized nor required by the SRA. *State v. Skillman*, 60 Wn. App. 837, 839, 809 P.2d 756 (1991).

RCW 9.94A.120(8)(a) requires a sentencing court to impose a 1-year term of community placement for certain specified crimes, including delivery of a controlled substance (RCW 69.50). Community placement is that period of time during which

> the offender is subject to the conditions of community custody and/or postrelease supervision, which begins either upon completion of the term of confinement . . . or at such time as the offender is transferred to community custody in lieu of earned early release.

Former RCW 9.94A.030(4).[3] Community custody is "that portion of an inmate's sentence of confinement in lieu of earned early release time served in the community subject to controls placed on the inmate's movement and activities by the department of corrections." Former RCW 9.94A.030(3).[4]

A determinate sentence must state with "exactitude the number of actual years, months, or days of *total confinement, of partial confinement,* of community supervision, the number of actual hours or days of community service work, or dollars or terms of a fine or restitution." (Italics mine.) Former RCW 9.94A.030(12).[5] *Total confinement* is confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the State or any other unit of government for 24 hours a day, or pursuant to RCW 72.64.050 (branch institutions or honor camps), and RCW 72.64.060 (labor camps). Former RCW 9.94A.030(27).[6] *Partial confinement* is confinement for no more than 1 year in facilities or institutions operated by the State or any other unit of government. Former RCW 9.94A.030(20).[7]

Community placement is not included as an element of a determinate sentence. Former RCW 9.94A.030(12). Further, when the Legislature established the sentencing commission and specified its duties, it specified that in recommending standard sentence ranges the commission should include one or more of the following: total confinement, partial confinement, *community supervision, community service,* and a fine. RCW 9.94A.040(3). Again, community placement was not included.

---

[3] Now RCW 9.94A.030(5).

[4] Now RCW 9.94A.030(4).

[5] Now RCW 9.94A.030(14).

[6] Now RCW 9.94A.030(31).

[7] Now RCW 9.94A.030(23).

A defendant is no less restricted when he is under community placement, particularly community custody, as when incarcerated. Defendants who commit crimes while on community placement are subject to enhanced penalties. *State v. Miles*, 66 Wn. App. 365, 832 P.2d 500, *review denied*, 120 Wn.2d 1012 (1992). A defendant's constitutional rights during community placement are subject to the infringements authorized by the SRA, RCW 9.94A. In addition to the other terms of sentence, the court may order that "[t]he offender . . . not have direct or indirect contact with the victim of the crime or a specified class of individuals". RCW 9.94A.120(8)-(c)(ii).

In *State v. Guerin*, 63 Wn. App. 117, 120, 816 P.2d 1249 (1991), *review denied*, 118 Wn.2d 1015 (1992), Division One held that "[b]oth community supervision and community placement provisions *extend* the trial court's discretionary range to the duration and conditions when a sentence is imposed." (Italics mine.) The court noted that to hold otherwise would probably render RCW 9.94A.120(11) meaningless. *Guerin*, at 121. RCW 9.94A.120(11) provides that the court may not impose a sentence "providing for a term of confinement or community supervision or community placement which exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." Implicit in the analysis of *Guerin* is that community placement is a part of the overall sentence and should therefore be subject to the strictures of the SRA which require compelling reasons for imposition of a sentence outside the presumptive range. *Guerin*, at 120-21. The SRA intended to limit discretion and make determinate the total sentence, not just that portion imposing confinement.

The Legislature should have simply provided in the statute that community placement is in addition to the term of confinement imposed on the defendant pursuant to RCW 9.94A.310 and this question would have been avoided.