23 P.3d 1094 (2001)
106 Wash.App. 163
In re the DETENTION OF Robin G. ALBRECHT, Petitioner.
No. 17643-6-III.
Court of Appeals of Washington, Division 3, Panel Eight.
May 10, 2001.
*1095 Susan M. Gasch, Spokane, for appellant.
Todd R. Bowers, Sarah Sappington, Asst. Attys. Gen., Seattle, and Dawn C. Cortez, Asst. Atty. Gen., Spokane, for respondent.
KURTZ, C.J.
The statutory scheme for the civil commitment of an alleged sexual predator distinguishes between a person who is in confinement and a person who has been released from confinement into the community. In the latter instance, the State is required to allege and prove "a recent overt act." This is the result of the holdings of the Washington State Supreme Court in In re Detention of Harris, 98 Wash.2d 276, 284-85, 654 P.2d 109 (1982) and In re Personal Restraint of Young, 122 Wash.2d 1, 41-42, 857 P.2d 989 (1993). These cases hold that constitutional due process requires proof of "dangerousness" by a "recent overt act" in order to commit a person who has been released into the community from confinement. Young, 122 Wash.2d at 27-28 n. 3, 857 P.2d 989 (citing Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992) and Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979)).
Shortly after Robin G. Albrecht was released from prison and placed into the community under supervision, he was arrested and incarcerated for violating the terms of his community placement. While Mr. Albrecht was confined, the State filed a petition asking that he be committed as a sexual predator. The petition alleged that the community supervision violation for which Mr. Albrecht had been confined constituted a "recent overt act." Later, the State decided that because Mr. Albrecht was confined at the time that the sexual predator petition was filed, the State need not allege and prove that Mr. Albrecht had committed a recent overt act. The State successfully asked the court for permission to delete this allegation from its petition. At Mr. Albrecht's request, we granted discretionary review of this decision.
We conclude that because Mr. Albrecht had been released from total confinement and placed in the community subject to the conditions of community placement, he could be the subject of a sexual predator petition only if the State alleges a recent overt act. We reverse the order allowing the amendment of Mr. Albrecht's sexual predator petition.

FACTS
Robin G. Albrecht has a history of sexually abusing young children. This history includes two convictions for indecent liberties and a conviction for second degree child molestation.
After Mr. Albrecht had completed the prison term for his last conviction, he was released to community placement in Tacoma. A condition of his community placement was that he refrain from any direct or indirect contact with children. Less than 30 days after his release from prison, Mr. Albrecht was arrested for a violation of his community placement. It is alleged that he approached two brothers, ages 12 and 13, and offered them money if the boys would follow him. Mr. Albrecht did not contest the community placement violations and he was "sanctioned" with 120 days of confinement in jail. RCW 9.94A.205(2)(a).
While Mr. Albrecht was in jail, the State filed a petition alleging that Mr. Albrecht is a sexually violent predator and requesting that he be committed pursuant to chapter 71.09 RCW. The petition stated that Mr. Albrecht had committed a "recent overt act," referring to the alleged conduct that constituted the basis for the community supervision violation. Later, the State moved to amend the petition to delete the allegation of a "recent overt act." The trial court granted this motion because Mr. Albrecht was confined at the time the petition was filed. We granted discretionary review.

*1096 ANALYSIS
Mr. Albrecht contends that the court should not have authorized the amendment of the commitment petition to remove the requirement of proving a recent overt act because he had been released from prison into the community before the petition was filed. The State maintains that because Mr. Albrecht was confined at the time the petition was filed, the State need not allege and prove a recent overt act. The resolution of these contentions involves an analysis of chapter 71.09 RCW and the amendments to the statute in response to In re Personal Restraint of Young, 122 Wash.2d 1, 857 P.2d 989 (1993).
Standard of Review. Interpretation of a statute is a question of law subject to de novo review. Rettkowski v. Dep't of Ecology, 128 Wash.2d 508, 515, 910 P.2d 462 (1996). If a statute is clear and unambiguous on its face, courts look to the wording of the statute itself and need not resort to methods of statutory construction. State v. Plaggemeier, 93 Wash.App. 472, 477, 969 P.2d 519, review denied, 137 Wash.2d 1036, 980 P.2d 1282 (1999). Chapter 71.09 RCW was amended by the Legislature after Young and should be interpreted in light of that decision. State v. Calderon, 102 Wash.2d 348, 351, 684 P.2d 1293 (1984); Home Indem. Co. v. McClellan Motors, Inc., 77 Wash.2d 1, 3, 459 P.2d 389 (1969).
In re Personal Restraint of Young. Chapter 71.09 RCW was amended to include the recent overt act requirement in response to the holding in Young, 122 Wash.2d at 41-42, 857 P.2d 989, wherein the court held that proof of a recent overt act is necessary to satisfy due process concerns when an alleged predator has been released from prison into the community. The court was referring to the due process concerns stated in In re Detention of Harris, 98 Wash.2d 276, 284, 654 P.2d 109 (1982). In the context of the civil commitment of the mentally ill, Harris held that "a showing of a substantial risk of physical harm as evidenced by a recent overt act" is necessary to satisfy substantive due process. Id. In other words, the State may deprive a person of his or her liberty only if the State can demonstrate present dangerousness by hard evidence, i.e., a recent overt act.
As originally drafted, chapter 71.09 RCW did not appear to include an overt act requirement. Justice Johnson and some commentators believe that this omission was intentional, stating that it is unlikely that Washington legislators wanted the state to wait for a person already convicted of a sexually violent offense to commit still another predatory act before commencing a commitment action. Young, 122 Wash.2d at 66, 857 P.2d 989 (Johnson, J., dissenting); see PETER A. ZAMOYSKI, WILL CALIFORNIA'S "ONE STRIKE" LAW STOP SEXUAL PREDATORS, OR IS A CIVIL COMMITMENT SYSTEM NEEDED?, 32 SAN DIEGO L.REV. 1249, at 1274-75 (1995). However, as to alleged predators who were living in the community after release from prison, the Young court apparently believed that such a requirement was necessary in order to uphold the statute in the face of a substantive due process challenge based upon the holding in Harris. Therefore, Young inferred from the general legislative scheme a requirement for proof of a recent overt act in order to commit a person who was living in the community after release from prison. Young, 122 Wash.2d at 39-42, 857 P.2d 989.
But Young rejected the requirement of a recent overt act as to incarcerated individuals because they live in the controlled environment of a prison and the requirement of proving a recent overt act, in those circumstances, would create a standard that would be impossible to meet. Young, 122 Wash.2d at 41, 857 P.2d 989. In Young, one petitioner was in prison from the date of his rape conviction until the State filed its sexual predator petition, the day before his scheduled release. As to this petitioner, the State was not required to allege and prove a recent overt act. Id. But as to the other petitioner, who had lived in the community for four and one-half months after his release from prison and before the State filed its petition, the State was required to allege and prove a recent overt act. Id. at 42, 857 P.2d 989.
RCW 71.09.030 and RCW 71.09.060 as Amended. After Young, the Washington Legislature enacted amendments to chapter *1097 71.09 RCW that made the actual language of the statute consistent with the holding in Young. See Laws of 1995, ch. 216, § 3. RCW 71.09.030 states what the State must allege in a sexual commitment petition. For a person who "is about to be released from total confinement," the State must allege that he or she has been previously convicted of a sexually violent offense and is a sexual predator. RCW 71.09.030(1). But, for the alleged predator who "has since been released from total confinement," the State additionally must allege that the predator had committed a "recent overt act." RCW 71.09.030(5). This term is defined as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." RCW 71.09.020(5).
RCW 71.09.060 states what the State must prove in order to commit an alleged sexual predator. In relevant part, the statute provides "[i]f, on the date that the petition is filed, the person was living in the community after release from custody, the state must also prove beyond a reasonable doubt that the person had committed a recent overt act." RCW 71.09.060(1). Significantly, this statute does not repeat the phrase "released from total confinement" utilized in RCW 71.09.030 but instead refers to "living in the community after release from custody." We conclude that these phrases are synonymous. For the purposes of chapter 71.09 RCW, a person "released from total confinement" is a person "living in the community after release from custody."
In re Detention of Hendrickson. After Young and the resulting amendments to chapter 71.09 RCW, the State asked the court to adopt a bright-line rule in In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000): If the alleged predator is incarcerated at the time the petition is filed, the State need not allege and prove a recent overt act. The State's contention is based upon a literal reading of RCW 71.09.030 that links the recent overt act requirement to incarceration status at the time the petition is filed. In response, Mr. Hendrickson argued that the focus should not be on his incarceration status at the time the commitment petition was filed, but on whether he had a liberty interest protected by substantive due process.
Donald Hendrickson was convicted of attempted kidnapping in the first degree and communication with a minor for immoral purposes. Henrickson, 140 Wash.2d at 689, 2 P.3d 473. The trial court imposed an exceptional sentence, which he appealed. During that appeal, the trial court permitted Mr. Hendrickson to remain free on bond on strict conditions of release. As a result, Mr. Hendrickson lived in the community for three and one-half years, pending the result of his trial and appeal before being incarcerated for 50 months. One day before his release from prison, the State filed a petition requesting that he be committed as a sexually violent predator. Id. at 689-90, 2 P.3d 473. Mr. Hendrickson unsuccessfully moved to dismiss the State's petition because it did not allege a recent overt act.
The Court of Appeals concluded that because Mr. Hendrickson was under strict supervision after his arrest, the State was not required to prove a recent overt act. In re Detention of Henrickson, 92 Wash.App. 856, 863, 965 P.2d 1126 (1998), aff'd 140 Wash.2d 686, 2 P.3d 473 (2000). In so holding, the court rejected the bright-line rule advocated by the State, reasoning that Young required proof of a recent overt act depending on the nature of the community release. From the standpoint of substantive due process, the fundamental question was whether evidence existed of future dangerousness sufficient to overcome Mr. Hendrickson's liberty interest. Because he had been living under a degree of restraint, similar to confinement, the court decided that the requirement for proof of a recent overt act as evidence of dangerousness was excused. Henrickson, 92 Wash.App. at 863, 965 P.2d 1126.
Our Supreme Court affirmed the holding of the Court of Appeals but rejected its reasoning. Henrickson, 140 Wash.2d at 689, 2 P.3d 473. The Supreme Court distinguished between the requirements of chapter 71.09 RCW and the requirements of due process. As to the petitioner's argument that the statute required proof of a recent overt act, the court noted that RCW *1098 71.09.030(5) limited the recent overt act requirement to petitions filed against an individual who "has since been released from total confinement." Mr. Hendrickson was in prison and had been in prison for more than two and one-half years at the time that the sexual predator petition was filed. The court held "[p]eriods of temporary release after arrest and prior to extensive confinement do not modify the statute's unambiguous directive that the State need not prove a recent overt act when the subject of a sexually violent predator petition is incarcerated on the day the petition is filed." Henrickson, 140 Wash.2d at 693, 2 P.3d 473.
Mr. Hendrickson also argued that because he had been released into the community before being imprisoned, substantive due process required proof of his dangerousness by a recent overt act. Rejecting this argument, the court stated "[w]e hold no proof of a recent overt act is constitutionally or statutorily required when, on the day the petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6), or an act that by itself would have qualified as a recent overt act, RCW 71.09.020(5)." Henrickson, 140 Wash.2d at 689, 2 P.3d 473. In other words, the State did not need to prove Mr. Hendrickson's dangerousness by a recent overt act because he was in prison on the day that the petition was filed as a result of a conviction for a sexually violent offense.
The State argues that under Henrickson, it need not allege and prove that Mr. Albrecht committed a recent overt act. Unlike Mr. Albrecht, Mr. Hendrickson was in prison, where he had been for the previous 50 months, on the day that his commitment petition was filed. In this respect, Henrickson is a straight forward application of the court's ruling in Young that the State need not prove a recent overt act in order to commit an alleged predator who is in prison and who is about to be released from prison. For such a person, the statute unambiguously provides that the State need not prove a recent overt act. Unlike Mr. Young or Mr. Hendrickson, Mr. Albrecht had completed his prison term and had been released into the community.
The State also argues that under Henrickson, substantive due process concerns do not require proof of Mr. Albrecht's dangerousness by a recent overt act. In Henrickson, the court held that Mr. Hendrickson's conviction by proof beyond a reasonable doubt of a sexually violent offense that qualified as a recent overt act satisfied constitutional substantive due process. Unlike Mr. Hendrickson, Mr. Albrecht was not incarcerated because he was convicted by proof beyond a reasonable doubt of a crime that qualified as a sexually violent offense or a recent overt act.
Statutory Protections. In addition to the due process protections recognized by Young and Henrickson, Washington's sexual predator law grants additional statutory protections. Henrickson, 140 Wash.2d at 694-95, 2 P.3d 473; In re Personal Restraint of Young, 122 Wash.2d 1, 39-42, 857 P.2d 989 (1993). Under Washington's sexual predator law, an alleged sexual predator may demand that a 12 person jury decide by unanimous verdict whether he or she should be civilly committed. RCW 71.09.050(3); RCW 71.09.060(1). Undoubtedly, our Legislature granted the statutory protections because involuntary civil commitment is a serious infringement of an individual's liberty interest. Henrickson, 140 Wash.2d at 694, 2 P.3d 473; Young, 122 Wash.2d at 48, 857 P.2d 989. "Increasing the burden of proof is one way to impress the factfinder with the importance of the decision and thereby perhaps to reduce the chances that inappropriate commitments will be ordered." Addington v. Texas, 441 U.S. 418, 427, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).
Here, the State initially alleged that Mr. Albrecht violated the conditions of his community supervision by approaching the two young boys. Mr. Albrecht did not contest the violation and he was "sanctioned" with 120 days of confinement in jail. Thereafter, the State filed a sexual predator petition containing an allegation that Mr. Albrecht had committed a "recent overt act," and subsequently moved to amend this petition to delete that allegation based upon Mr. Albrecht's confinement in the county jail. Mr. Albrecht could be incarcerated for a community supervision violation based upon proof of *1099 that conduct by a preponderance of the evidence. State v. Peterson, 69 Wash.App. 143, 146, 847 P.2d 538 (1993) (citing former RCW 9.94A.200(2)(b) (1989)). But, if he was living in the community after release from custody, he could be committed as a sexual predator only after a unanimous jury found that he had committed a recent overt act by proof beyond a reasonable doubt. The procedures followed by the State in Mr. Albrecht's case effectively circumvented the statutory protections granted by the Legislature in chapter 71.09 RCW.
Mr. Albrecht's Status. What was Mr. Albrecht's status at the time the petition was filed? He had been released from prison to community supervision, but was serving 120 days in the county jail for a community supervision violation. In the language of RCW 71.09.030 and RCW 71.09.060, was Mr. Albrecht a person "about to be released from total confinement," or was he a person "released from total confinement" and "living in the community after release from custody."
When Mr. Albrecht was sentenced to prison, his judgment provided: "[t]he defendant is sentenced to a term of total confinement in the custody of the Department of Corrections...." Clerk's Papers (CP) at 511. Because he was sentenced "to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense," his sentence included two years of community placement. RCW 9.94A.120(9)(b). Mr. Albrecht's period of "community placement" began when he completed his term of confinement or, alternatively, when he was transferred to community custody in lieu of earned early release. Former RCW 9.94A.030(5) (1998).[1] "[T]he presumptive sentence ranges for total confinement do not include periods of community placement." In re Personal Restraint of Caudle, 71 Wash.App. 679, 680, 863 P.2d 570 (1993). Mr. Albrecht's community placement was not part of his term of total confinement in the custody of the Department of Corrections.
When Mr. Albrecht violated the terms of his community supervision, he was incarcerated pursuant to RCW 9.94A.205(2)(a), which provides that "the department may impose a sanction of up to sixty days' confinement in a local correctional facility for each violation." Consequently, the "ORDER MODIFYING COMMUNITY SUPERVISION" entered in Mr. Albrecht's case provides: "The defendant shall serve 120 days in jail with credit for time served from 8-20-96. All original terms of community supervision are to remain in effect." CP at 514. In other words, Mr. Albrecht was not sentenced to a term of "total confinement to the custody of the department of corrections." Rather, Mr. Albrecht's community placement was continued and was in effect on the day that the sexual predator petition was filed.
Conclusion. In summary, we conclude Mr. Albrecht's status at the time that the petition was filed was that of an individual who "has since been released from total confinement" and who is "living in the community after release from custody," despite his temporary incarceration in the county jail. We further conclude that RCW 71.09.030 and RCW 71.09.060 distinguish between persons who are in the total confinement in the custody of the department of corrections, and persons who have been released from the total confinement of that custody into the community. Because Mr. Albrecht had been released from total confinement and placed in the community subject to the conditions of community placement, he could be the subject of a sexual predator petition only if the State alleges a recent overt act. The order allowing the amendment of Mr. Albrecht's sexual predator petition to delete the recent overt act requirement is reversed.
Motion to Seal Court File and Close the Proceedings. Additionally, Mr. Albrecht has moved to exclude the public from the hearing and to seal the records. He asserts he is entitled to the same right of privacy that is afforded by our legal system to hearings involving the mentally ill. This argument was addressed and rejected by our Supreme Court in In re Detention of Campbell, 139 Wash.2d 341, 355-56, 986 P.2d 771 *1100 (1999), cert. denied, ___ U.S. ___, 121 S.Ct. 880, 148 L.Ed.2d 789 (2001) and In re Detention of Turay, 139 Wash.2d 379, 414-15, 986 P.2d 790 (1999), cert. denied, ___ U.S. ___, 121 S.Ct. 880, 148 L.Ed.2d 789 (2001). We affirm the order denying Mr. Albrecht's motion to seal the court file and to close the proceedings.
SWEENEY, J., concurs.
BROWN, J. (dissenting).
Due process legitimacy in the factual and legal context before us is established. In re Detention of Henrickson, 140 Wash.2d 686, 2 P.3d 473 (2000). In this remand to reconsider our presumably inconsistent holding in light of Henrickson, I would now affirm. Mr. Albrecht was incarcerated when served with a sexual predator petition. Under Henrickson, the State did not have to prove a recent overt act under chapter 71.09 RCW.
The Henrickson court reasoned "[w]hen, on the day a sexually violent predator petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6), or for an act that would itself qualify as a recent overt act, RCW 71.09.020(5), due process does not require the State to prove a further overt act occurred between arrest and release from incarceration." Henrickson, 140 Wash.2d at 695, 2 P.3d 473. This reflects deference to the Legislature's function of deciding controversial policies underlying laws, laws that according to individual judicial perspective may be viewed as good or bad. State v. Laitinen, 77 Wash.2d 130, 133, 459 P.2d 789 (1969) ("It is not the court's function to decide whether the statute is sound or unsound, wise or unwise, effectual or ineffectualbut only whether it is within the legislature's constitutional powers to enact it"). Once the critical law is interpreted or found unambiguous, and is declared constitutional, our duty is to review the trial court application for consistency with announced precedent.
At petition filing, Mr. Albrecht was incarcerated for a sexually violent offense in the literal and legal sense that he violated a release condition issued upon conviction for a sexually violent offense. Indeed, Mr. Albrecht did not even challenge his re-incarceration for improperly contacting two boys, theoretically for improper sexual purposes. Pretext is not an issue. His incarceration was total confinement, not some hybrid, like work release or home detention. Therefore, under Henrickson, the State had no burden to prove a recent overt act under RCW 71.09.060(1). RCW 71.09.030(5) limits the recent overt act requirement to persons released from "total confinement." Henrickson, 140 Wash.2d at 692-93, 2 P.3d 473.
Out-of-custody stints were not material in the Henrickson court's due process analysis. "While we agree that an opportunity to reoffend should be a factor in the commitment determination, this does not mean proof of a recent overt act during that period of release is constitutionally required." Henrickson, 140 Wash.2d at 694, 2 P.3d 473. The court in Henrickson rejected the overt act arguments made here under In re Personal Restraint of Young, 122 Wash.2d 1, 41, 857 P.2d 989 (1993); Henrickson, 140 Wash.2d at 694-95, 2 P.3d 473. Notably, the Henrickson court reasoned that under Young, it mattered not whether release into the community was before or after the commission of the most recent offense, so long as the respondent was incarcerated when the petition was served. Id. at 695-96, 2 P.3d 473.
In sum, stare decisis in my view binds us to affirm the trial court's decision allowing the State's amendment deleting the recent overt act allegation. Accordingly, I respectfully dissent.
NOTES
[1] Now RCW 9.94A.030(6).