IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,            )
                                )       No. 33724-3-III
            Appellant,          )
                                )
    v.                          )
                                )       UNPUBLISHED OPINION
SCOTT MONTGOMERY NICHOLAS,       )
                                )
            Respondent.         )

KORSMO, J. — The State of Washington appeals a Klickitat County Superior

Court order that amended Scott Montgomery Nicholas's judgment and sentence to reduce

his standard range confinement term from 120 months to 108 months following a first

appeal and remand from this court with instructions to impose a fixed community

custody term. The State contends the trial court erred in modifying the confinement term

on its belief that adding community custody to the high-end standard range sentence

would create an unjustified exceptional sentence. We agree with the State, vacate the

trial court's order, and remand to the superior court with directions that Mr. Nicholas's

sentence include a 120-month term of confinement and fixed term of community custody.

FACTS AND PROCEDURE

A jury convicted Scott Nicholas of drug offenses, including possession with intent to deliver or manufacture a controlled substance—methamphetamine. His standard sentencing range for that crime is 60+ to 120 months. Because he had prior drug offense convictions, the statutory maximum sentence is doubled to 240 months. RCW 69.50.408. The court imposed a 120-month prison sentence and community custody for the longer of the period of early release or 12 months. Mr. Nicholas appealed his convictions and also contended the sentencing court lacked statutory authority to impose a variable term of community custody. The State conceded the error. This court affirmed Mr. Nicholas's convictions but in an unpublished portion of the opinion remanded with instructions for the trial court to impose a fixed term of community custody. *State v. Nicholas*, 185 Wn. App. 298, 341 P.3d 1013 (2014).

On remand in the superior court, Mr. Nicholas raised a new claim that the addition of a fixed 12-month community custody term to the 120-month top of the standard range would result in an unlawful exceptional sentence not justified by any aggravating circumstances. The State objected to Mr. Nicholas raising the issue for the first time on remand, and argued in any event that the addition of a fixed term of community custody to a high-end standard range sentence does not create an exceptional sentence. The State further asserted that a 132 month total sentence was lawful and within the 240 month statutory maximum. The trial court agreed with Mr. Nicholas and resentenced him to 108

2

months confinement and a fixed 12-month term of community custody. The court entered an order amending the judgment and sentence. The State appeals.

ANALYSIS

The State contends the addition of the fixed term of community custody to Mr. Nicholas's 120-month standard range sentence does not create an exceptional sentence; and therefore, the trial court erred in reducing his confinement term on that basis.

Mr. Nicholas initially responds that the State's appeal should be dismissed as neither appealable of right under RAP 2.2(b), nor subject to discretionary review under RAP 2.3(b) because the court has now imposed a lawful standard range sentence that he says is not reviewable. We reject this argument.

The State is challenging the trial court's decision stemming from its belief that, in effect, the high end of the standard sentence range must be reduced to accommodate a fixed community custody term in order to avoid imposing an unjustified exceptional sentence. As we further discuss below, the trial court's decision implicates correct calculation of the standard range, as well as its authority to modify a standard range sentence. The matter is therefore appealable of right under RAP 2.2(b)(6)(B) (sentence appealable if State believes it involves miscalculation of the standard range) and/or RAP 2.2(b)(6)(C) (sentence includes provisions that are unauthorized by law).

In this case we must interpret several provisions of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Interpretation of the SRA is a question of law that we

No. 33724-3-III
*State v. Nicholas*

review de novo. *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011). When interpreting a statute, "our objective is to determine the legislature's intent." *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). If the meaning of a statute is plain on its face, we "'give effect to that plain meaning.'" *Id.* (quoting *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). To determine the plain meaning of a statute, we look to the text, as well as "the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Id.*

The standard sentence ranges set forth in RCW 9.94A.510 and .517 (applicable to drug offenses) "are expressed in terms of total confinement." RCW 9.94A.530(1). Under RCW 9.94A.030(52)

> "Total confinement" means inside *the physical boundaries of a facility or institution* operated or utilized under contract by the state . . . for twenty-four hours a day.

(Emphasis added). RCW 9.94A.030(5) defines "community custody" as

> [T]hat portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence under this chapter and *served in the community* subject to controls placed on the offender's movement and activities by the department.

(Emphasis added). RCW 9.94A.701 provides in relevant part:

> (3) A court shall, *in addition to the other terms of the sentence*, sentence an offender to community custody for one year when the court sentences the person to the custody of the department for:
> . . . .
> (c) A felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 2000;

4

. . . .

(9) The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

(Emphasis added).

It is clear from the above statutes that total confinement and community custody are considered as separate terms or time periods, and that the standard sentence range does not include community custody. And the addition of community custody to a standard range term is not an exceptional sentence as defined in RCW 9.94A.535 (court may impose sentence outside the standard sentence range for an offense if it finds substantial and compelling reasons justifying an exceptional sentence). *See In re Pers. Restraint of Caudle*, 71 Wn. App. 679, 680, 863 P.2d 570 (1993) (addition of community placement to standard range sentence does not create an exceptional sentence).

Based upon an offender score of 9, Mr. Nicholas's standard range for his possession with intent to deliver or manufacture methamphetamine offense was 60+ to 120 months. RCW 9.94A.517 (Table 3). The crime is a class B felony carrying a 10-year statutory maximum sentence. RCW 9A.20.021(1)(b). Mr. Nicholas's statutory maximum sentence is doubled to 20 years, however, because he had prior drug offense convictions. RCW 69.50.408. *See In re Pers. Restraint of Cruz*, 157 Wn.2d 83, 134 P.3d 1166 (2006) (clarifying that the statutory maximum is doubled, not the standard range). The sentencing court originally imposed the 120-month high end of the range plus community

custody for the longer of the period of early release or 12 months. This variable community custody term violated RCW 9.94A.701, under which "a court may no longer sentence an offender to a variable [community custody] term [that is] contingent on the amount of earned release but instead, it must determine the precise length of community custody at the time of sentencing." *State v. Franklin*, 172 Wn.2d 831, 836, 263 P.3d 585 (2011). Thus, this court remanded with instructions for the trial court to impose a fixed term of community custody, which for Mr. Nicholas's drug crime is statutorily set at 12 months. RCW 9.94A.701(3)(c). As the State further contends, once the 12-month community custody term was specified there could be no error in the sentence when the combined terms of community custody and confinement do not exceed the 240-month statutory maximum. RCW 9.94A.701(9).

Mr. Nicholas correctly states that his amended 108-month sentence with a 12-month community custody term is a standard range sentence that is valid on its face. He cites to RCW 9.94A.585(1), which states that "[a] sentence within the standard sentence range, under RCW 9.94A.510 or 9.94A.517, for an offense shall not be appealed." He thus posits that his amended sentence cannot be disturbed. But his argument is based on the incorrect supposition that community custody is part of the standard range sentence, whereas presumptive sentences under RCW 9.94A.510 and .517 "are expressed in terms of total confinement." RCW 9.94A.530(1). Thus, his 120-month standard range confinement term was not subject to challenge on appeal or remand. There is no

No. 33724-3-III
*State v. Nicholas*

authority in the SRA for the trial court to modify Mr. Nicholas's standard range sentence and the court erred in doing so. *State v. Shove*, 113 Wn.2d 83, 86, 776 P.2d 132 (1989) (sentencing court lacks authority under the SRA to reduce a standard range sentence after it has been imposed).[1]

The order to amend judgment and sentence is vacated and the matter is remanded to the trial court with directions that Mr. Nicholas's sentence shall include a 120-month confinement term and fixed 12-month community custody term.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

---

[1] We reject the State's alternative argument that Mr. Nicholas's exceptional sentence argument was procedurally time-barred under RCW 10.73.090(1). The statute does not apply because he raised the claim within one year of when this court issued its mandate in the first appeal on February 10, 2015. *See* RCW 10.73.090(3)(b).