# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>MARQUINTON LAMAR ROBERSON,<br><br>                     Petitioner. | No. 53302-2-II<br><br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Marquinton Roberson seeks relief from personal restraint imposed following his 2019 judgments and sentences for first degree unlawful possession of a firearm and unlawful possession of a controlled substance with intent to deliver and while armed with a firearm (cause no. 16-1-04554-7) and second degree assault while armed with a deadly weapon (cause no. 17-1-03346-6). In the first judgment and sentence, the trial court imposed a base sentence of 87 months plus a 36-month firearm sentencing enhancement. In the second judgment and sentence, the trial court imposed a base sentence of 63 months, plus a 12-month deadly weapon sentencing enhancement, to be served concurrently with the first judgment and sentence.

In this petition, Roberson claims that (1) his attorney and the prosecutor told him that the 36-month firearm sentencing enhancement would run concurrently with the 87-month base sentence, (2) when he signed his plea statement he was on opium and under stress due to his wife's

No. 53302-2-II

pregnancy, and (3) his attorney and the prosecutor pressured him to sign his plea statement. But on page 4 of his Statement of Defendant on Plea of Guilty to Non-Sex Offense (Statement), he initialed and acknowledged that the State would be recommending a consecutive firearm sentencing enhancement. He presents no evidence that his plea was affected by drug use or stress. And contrary to his claim of being pressured, on page 9 of his Statement he stated that he was making his plea freely and voluntarily, that no one had threatened harm causing him to make the plea, and no one had promised him anything other than in the plea agreement. He does not present any competent evidence that his plea was invalid. *In re Pers. Restraint of Waggy*, 111 Wn. App. 511, 518, 45 P.3d 1103 (2002).

Roberson does not present grounds for relief from restraint. We therefore deny his petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, J.

MAXA, C.J.

2