IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 82069-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GABRIEL HARLEN NORMAN, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Gabriel Harlen Norman pleaded guilty to one count of domestic violence second degree assault and agreed to a standard-range sentence of 72 months' confinement and an exceptional term of 36 months' community custody. The court imposed a standard-range sentence of 78 months' confinement and the agreed exceptional term of 36 months' community custody. Norman appeals, claiming the court exceeded its sentencing authority. We affirm.

FACTS

The State charged Norman with four counts of domestic violence second degree assault of a three-month-old child with aggravating factors that Norman knew or should have known the victim "was particularly vulnerable or incapable of defense" and that the victim's injuries "substantially exceed the level of bodily

harm necessary to satisfy the elements of the offense." Norman agreed to plead guilty to one count of domestic violence second degree assault. Based on an offender score of 24, Norman's standard-range sentence was 63 to 84 months' confinement and 18 months of community custody. The parties agreed to recommend to the court a standard-range sentence of 72 months' confinement. But the parties stipulated to an exceptional term of 36 months' community custody. The prosecutor explained to the court that Norman "clearly suffers from a meth[amphetamine] problem" and that the agreed 36 months of community custody "will ensure that [for] [3] years he is watched and forced to comply with what DOC[1] recommends."

The trial court accepted Norman's plea and sentenced him to 78 months of confinement. It then imposed the agreed exceptional term of 36 months of community custody. The parties stipulated to findings of fact and conclusions of law in support of the exceptional term of community custody, which the court found to be "appropriate."

Norman appeals his sentence.

ANALYSIS

Norman argues that the court exceeded its authority "by entering an exceptional sentence beyond that to which [he] had agreed" and without first finding that the sentence was "consistent with the purposes of the" Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. We disagree.

---

[1] Department of Corrections.

Standard-Range Sentence

Norman contends that he agreed to "an exceptional sentence of 72 months of confinement and 36 months of community custody, for a total of 108 months," but "the court imposed an exceptional sentence over and beyond that to which [he] had agreed" of 114 months.  The State argues that Norman agreed to a standard-range term of confinement and an exceptional term of community custody.  It contends that Norman cannot appeal his standard-range sentence of 78 months.  We agree with the State.

Generally, a defendant cannot appeal a standard-range sentence.  RCW 9.94A.585(1); State v. Williams, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003).  And a sentencing court is not bound by any recommendations in a plea agreement.  State v. Harrison, 148 Wn.2d 550, 557, 61 P.3d 1104 (2003).  Judges are afforded "nearly unlimited discretion" in determining an appropriate sentence within the standard range.  State v. Mail, 121 Wn.2d 707, 711 n.2, 854 P.2d 1042 (1993).

Here, Norman conflates his agreement to a standard-range sentence of confinement with his agreed exceptional term of community custody.  In his plea paperwork, Norman acknowledged that his standard range was 63 to 84 months of confinement and that his statutory term of community custody was 18 months.  Norman agreed to a recommendation of 72 months' confinement.  He also agreed to an additional 18 months of community custody and an "exceptional sentence to permit the additional [community custody]."  The trial court chose not

3

to follow the agreed recommendation of 72 months of confinement and imposed 78 months instead.  Because Norman's term of confinement falls within the proper presumptive sentencing range set by the legislature, "there can be no abuse of discretion as a matter of law as to the sentence's length."  Williams, 149 Wn.2d at 146-47.[2]

Exceptional Term of Community Custody

Norman argues that the sentencing court exceeded its authority by entering an exceptional sentence "without first finding that doing so was 'consistent with the purposes of the [SRA].' "  In re Pers. Restraint of Breedlove, 138 Wn.2d 298, 310, 979 P.2d 417 (1999).  We disagree.

Under the SRA, a trial court may impose an exceptional sentence if it finds, considering the purposes of the SRA, that there are "substantial and compelling reasons" to justify punishment beyond the standard range.  RCW 9.94A.535; State v. Gaines, 121 Wn. App. 687, 697, 90 P.3d 1095 (2004).  This includes an exceptional term of community custody.  In re Postsentence Petition of Smith, 139 Wn. App. 600, 604, 161 P.3d 483 (2007).  A stipulation by the parties is a substantial and compelling reason justifying an exceptional sentence.  State v. Dillon, 142 Wn. App. 269, 277, 174 P.3d 1201 (2007); see Breedlove, 138 Wn.2d at 309-10.  And "[w]here the parties agree that an exceptional sentence is justified, the purposes of the SRA are generally served by accepting

_____

[2] Because we conclude that the court sentenced Norman to confinement within the standard range, we do not reach his argument that his "offender score cannot form the basis for his exceptional sentence because he did not stipulate that a standard[-]range sentence would have been 'clearly too lenient' " under RCW 9.94A.535(2)(d).

the agreement as a substantial and compelling reason for imposing an exceptional sentence." Breedlove, 138 Wn.2d at 309. The trial judge knows the facts of the incident and the negotiating parties, and "the law provides protection to the defendant and to the public to ensure that a plea agreement is consistent with the interests of justice" and the SRA. Breedlove, 138 Wn.2d at 310.

Norman agreed to an exceptional term of community custody in exchange for a reduction in charges from four counts of second degree assault of a child to one count of assault in the second degree. The parties stipulated to findings of fact in support of the exceptional community custody term. The court found Norman made his plea of guilty "knowingly, intelligently and voluntarily" and approved the parties' stipulation to the exceptional term of community custody as "appropriate." As a result, the court's sentence served the purposes of the SRA.

Norman disagrees. Citing State v. Gronnert, 122 Wn. App. 214, 221, 93 P.3d 200 (2004), he argues that "[a]bsent an independent finding that an exceptional sentence is consistent with the purposes of the SRA," the court lacks authority to impose a sentence beyond the standard range, "even when it is agreed to by the parties." In Gronnert, the defendant agreed to plead guilty to a reduced charge of possession of ephedrine with intent to manufacture. Gronnert, 122 Wn. App. at 218. He had an offender score of 0 but stipulated to a 60-month exceptional sentence if he violated the terms of his temporary release. Gronnert, 122 Wn. App. at 224, 218. Gronnert violated the terms of release and the court imposed a 60-month sentence. Gronnert, 122 Wn. App. at 218. We "consider[ed] the context of the plea" and concluded that it did not serve the

5

purposes of the SRA because Gronnert's exceptional sentence was disproportionate to his crime and offender score and not commensurate with the punishment imposed on others for similar offenses. Gronnert, 122 Wn. App. at 223-24.

In contrast, Norman received a significant benefit from his stipulation to an exceptional term of community custody. The State first charged Norman with four counts of assault of a child in the second degree with domestic violence designations and multiple allegations of aggravating circumstances. The State warned Norman that it planned to seek an exceptional sentence based on the aggravating factors. But recognizing Norman's methamphetamine addiction, the State reduced the charges to a single count of second degree assault with an exceptional term of 36 months' community custody. The State explained to the court:

> The Defendant's range for assault of a child in the second degree, which is essentially the same type of crime as what he is pleading to, is 120 months. There would be no possibility of community custody based on that. In reviewing the case, and with the proposed recommendation from Defense, our office, including myself as well as my boss, sat down and considered the idea of additional community custody in this matter.

Ultimately, the parties agreed that the exceptional term of community custody would "ensure that . . . [Norman] is watched and forced to comply with what DOC recommends." Indeed, Norman's attorney represented to the court that "being on DOC supervision for an additional period of time is a good idea for all concerned, certainly for Mr. Norman and for the community." The trial court

did not exceed its authority by imposing the agreed exceptional term of 36 months of community custody.[3]

Affirmed.

Brennan, J.

WE CONCUR:

Andrus, A.C.J.

Dwyer, J.

---

[3] Neither does Norman's combined 114 months of incarceration and community custody exceed the 120-month statutory maximum for the class B felony of assault in the second degree. RCW 9A.36.021(2)(a); RCW 9A.20.021(1)(b). "As long as the confinement and the community placement do not exceed the statutory maximum sentence, there is no error." In re Application for Relief from Pers. Restraint of Caudle, 71 Wn. App. 679, 680, 863 P.2d 570 (1993).