[No. 47261-5-I. Division One. January 7, 2002.]

*In the Matter of the Detention of* DALE PRESTON DAVIS. DALE PRESTON DAVIS, *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

David B. Koch (of Nielsen, Broman & Associates, P.L.L.C.), for appellant.

Christine O. Gregoire, Attorney General, and Todd R. Bowers, Assistant, for respondent.

AGID, C.J. — Dale Davis appeals from a superior court order committing him indefinitely as a sexually violent predator under chapter 71.09 RCW. He maintains the trial court erred by failing to require the State to plead and prove he committed a recent overt act. He also argues that the jury instructions used at his trial violated his due process rights because they failed to require the State to prove that he suffers from a mental abnormality or personality disorder to such a degree that he cannot control his sexual acts.

We conclude that if read literally, the applicable statutory provisions do not require the State to plead and prove a recent overt act because Davis was in "total confinement" at the time the commitment petition was filed.[1] But, due process requires that the State plead and prove a recent overt act at trial unless the individual is incarcerated for a sexually violent offense or a recent overt act at the time the sexual predator petition is filed.[2] We hold that in the context of civil commitment proceedings under chapter 71.09 RCW, incarceration for a community placement violation does not constitute incarceration for the underlying sexually violent offense. The State has not proven, by even

---

[1] See RCW 71.09.030(1).

[2] See In re Det. of Henrickson, 140 Wn.2d 686, 689, 2 P.3d 473 (2000).

a preponderance of the evidence, that Davis was incarcerated for a recent overt act at the time the petition was filed. Therefore, the trial court's failure to require the State to plead and prove he committed a recent overt act violated Davis' due process rights.

## FACTS

Dale Davis has a history of sexually abusing young children. He has been convicted of two "sexually violent offenses" under RCW 71.09.020(11), the most recent of which was a conviction for first degree child molestation in 1992.[3] Davis was sentenced to 84 months in prison and two years of community placement for this offense. One of the conditions of his community placement prohibited him from having contact with minors under age 18 without the approval of his therapist and community corrections officer and supervision by an adult familiar with his offenses. About seven months after he was released from prison to community placement for his 1992 conviction, Davis was arrested and incarcerated for violating his community placement terms by having "unauthorized contact" with a 15-year-old boy.

While Davis was in prison for violating the terms of his community placement, the State filed a petition alleging that Davis is a sexually violent predator and requesting that he be involuntarily committed under chapter 71.09 RCW. In its petition, the State alleged it was not required to plead or prove Davis committed a recent overt act. The State pleaded in the alternative that the behavior that caused Davis' violation of his community placement was a "recent overt act." After a probable cause hearing, the trial court concluded that the "State [was] not required to plead or prove [Davis] committed a recent overt act" because he "was incarcerated serving a sentence for his most recent sexually violent offense at the time the State filed the petition." The court allowed the State to file an amended

---

[3] Davis was also convicted of first degree statutory rape in 1987.

petition deleting the allegation that Davis committed a recent overt act.

After a trial, the jury found Davis was a sexually violent predator. He was civilly committed to the Special Commitment Center in Steilacoom under RCW 71.09.060. On appeal, he argues the trial court erred by failing to require the State to plead and prove he committed a recent overt act. He also argues he was deprived of due process of law because the jury instructions did not require the State to prove he suffers from a mental abnormality or personality disorder to such a degree that he cannot control his sexual acts.

## DISCUSSION

### I. RECENT OVERT ACT

Washington courts have repeatedly addressed the issue of whether, and under what circumstances, the State should be required to allege and prove that an individual has committed a "recent overt act" before the individual is civilly committed as a sexually violent predator under chapter 71.09 RCW.[4] In *In re Personal Restraint of Young*,[5] the Washington Supreme Court held that due process requires proof of a recent overt act "where an individual has been released from confinement on a sex offense . . . and lives in the community immediately prior to the initiation of sex predator proceedings."[6] Conversely, the court held that proof of a recent overt act is not required if an individual is incarcerated at the time the sex predator petition is filed.[7] The *Young* court reasoned that "[f]or incarcerated individuals, a requirement of a recent overt act under the Statute would create a standard which would

---

[4] At the time of Davis' commitment trial, a "recent overt act" was defined as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." Former RCW 71.09.020(5) (1995).

[5] 122 Wn.2d 1, 857 P.2d 989 (1993).

[6] *Id.* at 41.

[7] *Id.*

be impossible to meet" because confinement necessarily prevents overt acts from occurring.[8] The Legislature codified *Young*'s holding in an amendment to RCW 71.09.030.

The statute now provides that, for a person who "is about to be released from total confinement" and "who at any time previously has been convicted of a sexually violent offense," the State's petition need only allege that the person is a "sexually violent predator."[9] However, for a person "who at any time previously has been convicted of a sexually violent offense *and has since been released from total confinement*," the State must additionally allege that the person "has committed a recent overt act."[10] And, "[i]f, on the date that the petition is filed, the person was living in the community after release from custody, the state must also *prove beyond a reasonable doubt* that the person had committed a recent overt act."[11] The issue presented here is whether the State is required to plead and prove a recent overt act when an individual is incarcerated for a violation of community placement conditions imposed at sentencing for a sexually violent offense when the State files the petition.

## In re Detention of Henrickson

In *In re Detention of Henrickson*,[12] the Washington Supreme Court clarified the "recent overt act" requirement, holding that "no proof of a recent overt act is constitutionally or statutorily required when, on the day the petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6), or an act that by itself would have qualified as a recent overt act, RCW 71.09.020(5)."[13] Donald Henrickson was convicted of first degree attempted

---

[8] *Id.*

[9] RCW 71.09.030(1).

[10] RCW 71.09.030(5) (emphasis added).

[11] RCW 71.09.060(1) (emphasis added).

[12] 140 Wn.2d 686, 2 P.3d 473 (2000).

[13] *Id.* at 689.

kidnapping and communication with a minor for immoral purposes.[14] He appealed the trial court's imposition of an exceptional sentence of 120 months and remained free on bond under strict conditions of release for three years while his appeal was pending.[15] After the appeal, Henrickson was resentenced to 50 months in prison. One day before his scheduled release date, the State filed a petition to have him civilly committed as a sexually violent predator.[16]

Henrickson argued that because he had been released into the community for three years *before* his incarceration for the sexually violent offense, the State was required to allege and prove a recent overt act in the commitment proceedings. The Supreme Court rejected his argument, stating that because Henrickson's incarceration stemmed from a conviction that "would certainly qualify as either a sexually violent offense or a recent overt act," neither due process nor chapter 71.09 RCW required the State "to prove a further overt act occurred between arrest and release from incarceration."[17]

### In re Detention of Albrecht

In *In re Detention of Albrecht*,[18] Division Three of this court considered a case similar to this one and, distinguishing *Henrickson*, held that RCW 71.09.030 and RCW 71.09.060 required the State to plead and prove a recent overt act. Davis urges us to follow *Albrecht*. In that case,

[14] *Id.*

[15] *Id.* During the three-year period of release pending his appeal, Henrickson was required to participate in sexual deviancy treatment, was supervised by a Department of Corrections Officer, and could not travel anywhere without a chaperone. *Id.*

[16] *Id.* at 690.

[17] *Id.* at 696, 697. The *Henrickson* court similarly held the State was not required to plead or prove a recent overt act in its petition to commit Michael Halgren, who was released into the community for three months pending sentencing for his conviction for unlawful imprisonment involving a prostitute. *See id.* at 691, 697-98.

[18] 106 Wn. App. 163, 23 P.3d 1094, *review granted*, 145 Wn.2d 1001, 35 P.3d 381 (2001).

Robin Albrecht was released to community placement after serving a prison term for a sexually violent offense.[19] Less than 30 days after he was released, Albrecht was arrested for a violation of the terms of his community placement and sanctioned with 120 days in jail.[20] While Albrecht was in jail for the community placement violation, the State filed a petition to commit him as a sexually violent predator under chapter 71.09 RCW.[21]

The *Albrecht* court concluded that *Henrickson* was not controlling because at the time the State filed the sexual predator petition, the reason Albrecht was incarcerated was not "because he was convicted by proof beyond a reasonable doubt of a crime that qualified as a sexually violent offense or a recent overt act."[22] Therefore, the court held that Albrecht's incarceration for the community placement violation was not "total confinement" as intended by RCW 71.09.030.[23] Rather, even though he was in jail when the State filed the sexual predator petition, the court characterized him as a person "released from total confinement" and "living in the community after release from custody."[24] The court decided that Albrecht's "total confinement" ended when he finished serving his prison sentence and was released to community placement. Thus, his later incarceration for a community placement violation was a continuation of his community placement, not a reinstitution of "total confinement."[25] Therefore the court concluded that RCW 71.09.060(1) required the State to prove beyond a

---

[19] *Id.* at 166.

[20] *Id.* at 167.

[21] *Id.*

[22] *Id.* at 172.

[23] *See id.* at 174.

[24] *Id.* at 174.

[25] *See id.* Judge Brown dissented from the majority's characterization, stating that "[a]t petition filing, Mr. Albrecht was incarcerated for a sexually violent offense in the literal and legal sense that he violated a release condition issued upon conviction for a sexually violent offense." *Id.* at 176 (Brown, J., dissenting).

reasonable doubt that Albrecht had committed a recent overt act.

In resolving this case, the analysis set forth in *Henrickson* requires us to consider whether proof of a recent overt act is required by chapter 71.09 RCW and, if not, whether it is required by the due process clause.[26]

## Requirements of Chapter 71.09 RCW

When interpreting a statute, our objective is to give effect to the Legislature's intent.[27] "Absent ambiguity, a statute's meaning must be derived from the wording of the statute itself without judicial construction or interpretation."[28] Because there is a significant liberty interest at stake, civil commitment statutes must be strictly construed.[29]

As stated above, when an individual is (1) "about to be released from total confinement" and (2) has "been convicted of a sexually violent offense," the statute does not require the State to allege that the individual committed a recent overt act.[30] The Legislature has defined "total confinement" as "confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day."[31] The *Henrickson* court simply equated total confinement with being in custody.[32] Davis' incarceration for his community placement violation clearly falls within the statutory definition of "total confinement." And, Davis

---

[26] *See Henrickson*, 140 Wn.2d at 692-93.

[27] *See State v. Riles*, 135 Wn.2d 326, 340, 957 P.2d 655 (1998).

[28] *Id.*

[29] *See In re Det. of LaBelle*, 107 Wn.2d 196, 205, 728 P.2d 138 (1986).

[30] RCW 71.09.030(1).

[31] Former RCW 9.94A.030(41) (1995).

[32] "As long as the individual is in custody on the day the petition is filed, however, the statute does not require proof of a recent overt act. *See* RCW 71.09.030(5) (limiting recent overt act requirement to petitions filed against an individual who 'has since been released from total confinement')." *Henrickson*, 140 Wn.2d at 692-93.

concedes that he has "been convicted of a sexually violent offense."[33] Therefore, under a literal reading of the statute, the State is not required to prove that Davis committed a recent overt act.[34]

## Requirements of Due Process

 Both the Federal and Washington Constitutions provide that no person may be deprived of life, liberty, or property without due process of law.[35] "Due process requires governments to treat citizens in a fundamentally fair manner."[36] "The purpose of the constitutional guaranty of due process of law is to protect the individual from the arbitrary exercise of the powers of government."[37] Consistent with these protections, a person may not be involuntarily committed unless there is "a showing that the person is dangerous to the community."[38] *Young* held that due process requires the State to "prove dangerousness through evidence of a recent overt act" whenever an individual is not incarcerated at the time the commitment petition is filed.[39]

In *Henrickson*, the court narrowed *Young* by holding that "[w]hen, on the day a sexually violent predator petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6), or for an act that would itself qualify as a recent overt act, RCW 71.09.020(5), due process does not require the State to prove a further overt act

---

[33] RCW 71.09.030(1).

[34] We cannot agree with the *Albrecht* majority's conclusion that incarceration for a community placement violation does not constitute "total confinement" under RCW 71.09.030(1) because the statutory definition of that term clearly includes incarceration for whatever reason.

[35] *Young*, 122 Wn.2d at 26 (citing U.S. Const. amends. V, XIV; Wash. Const. art. I, § 3).

[36] *Valley View Indus. Park v. City of Redmond*, 107 Wn.2d 621, 636, 733 P.2d 182 (1987).

[37] *State v. Cater's Motor Freight Sys.*, 27 Wn.2d 661, 667, 179 P.2d 496 (1947).

[38] *Young*, 122 Wn.2d at 31.

[39] *Id.* at 41.

occurred between arrest and release from incarceration."[40] The next question we must decide here is whether, in the context of civil commitment proceedings under chapter 71.09 RCW, incarceration for a community placement violation is the equivalent of incarceration for the underlying sexually violent offense.

In *State v. Prado*, Division Three of this court held that, for double jeopardy purposes, "modifications of sentences due to violations of the conditions of community supervision should be deemed punishment for the original crime."[41] Relying on *Prado*, the trial court in this case found that "[a]t the time the State filed the petition in this matter, [Davis] was serving a portion of the sentence received for his most recent conviction of a sexually violent offense." It thus concluded that under *Henrickson*, the State was not required to plead or prove that Davis had committed a recent overt act. *Prado* did not involve the issue presented here, and for the reasons discussed below, we decline to extend its rationale to sexually violent predator proceedings.

■ Equating incarceration for a community placement violation with incarceration for the underlying offense in this context raises serious due process concerns that were not present in *Prado*. First, the burden of proving a community placement violation is only by a preponderance of the evidence. To commit a person under chapter 71.09 RCW, the statute requires proof beyond a reasonable doubt.[42] In holding that proof of a recent overt act at trial was required, the *Albrecht* court emphasized that he "could be incarcerated for a community supervision violation based upon proof of that conduct by a preponderance of the evidence."[43] But, if he were released and living in the community, he

---

[40] *Henrickson*, 140 Wn.2d at 695.

[41] 86 Wn. App. 573, 578, 937 P.2d 636, *review denied*, 133 Wn.2d 1018 (1997).

[42] *See Albrecht*, 106 Wn. App. at 173 (citing *State v. Peterson*, 69 Wn. App. 143, 146, 847 P.2d 538 (1993)).

[43] *Id.*

could be committed as a sexual predator only after a jury found beyond a reasonable doubt that he had committed a recent overt act.[44] We agree with the *Albrecht* court's conclusion that equating incarceration for a community placement violation with incarceration for the underlying sexually violent offense would effectively allow the State to "circumvent[] the statutory protections granted by the Legislature in chapter 71.09 RCW."[45]

Second, a community placement violation may well involve conduct that has nothing to do with a sexually violent offense or a recent overt act.[46] For example, a person on community placement release conditions may be found in violation for something as minor as consuming alcohol or failing to report to his community corrections officer. Here, Davis violated a community placement term prohibiting him from having "contact with minors under age 18 without the approval of his therapist and community corrections officer and supervision by an adult familiar with his offense." While this violation is at least potentially related to a recent overt act, it too is insufficient to comport with due process. First, even though the facts alleged would, if proved, constitute a recent overt act, the sexual allegations were not established at the violation hearing. Second, nothing was established at that hearing by proof beyond a reasonable doubt.

To comport with due process, the State's statutory obligation to plead and prove a recent overt act beyond a reasonable doubt should not turn on whether the individual is found, by only a preponderance of the evidence, to have violated community placement terms which may be vague or relatively insignificant. If incarceration for a community

---

[44] *See id.*

[45] *Id.* RCW 71.09.060 requires the State to "prove beyond a reasonable doubt that the person had committed a recent overt act" if the person is living in the community after release from custody on the day the petition is filed.

[46] At the time of Davis' commitment trial, a "recent overt act" was defined as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." Former RCW 71.09.020(5) (1995).

placement violation is equated with incarceration for the underlying sexually violent offense in this context, the State could have the option, when seeking to commit an individual on community placement, between proving a community placement violation by a preponderance of the evidence or proving a recent overt act beyond a reasonable doubt. This would severely undermine the due process protections that the Legislature included in chapter 71.09 RCW. For these reasons, we conclude it is fundamentally unfair, in the context of civil commitment proceedings, to equate incarceration for a community placement violation with incarceration for a sexually violent offense. On this basis, we distinguish *Prado* and conclude that Davis was not incarcerated for a sexually violent offense at the time the sexual predator petition was filed.

Finally, we must consider whether the act for which Davis was incarcerated when the petition was filed constitutes a "recent overt act." At the time of Davis' commitment trial, a "recent overt act" was defined as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm."[47] In *Henrickson*, the Supreme Court stated that if, when the sexual predator petition is filed, an individual is incarcerated "for an act that itself would have constituted a recent overt act, due process does not require the State to prove a further overt act occurred between arrest and release from incarceration."[48] Thus, *Henrickson* seems to contemplate that where the State proves a recent overt act by a preponderance of the evidence at a community placement violation hearing, it would not be required to plead and prove a recent overt act beyond a reasonable doubt at the commitment trial.[49]

---

[47] Former RCW 71.09.020(5) (1995).

[48] *Henrickson*, 140 Wn.2d at 697.

[49] Because the unique facts of this case were not before the court in *Henrickson*, it is possible that the *Henrickson* court did not contemplate the burden of proof ramifications of its broad holding. However, this ambiguity is of no consequence here because here the State did not even prove by a preponderance of the evidence that Davis' community placement violation constituted a recent overt act.

One of the conditions of Davis' community placement was to "have no contact with minors under age 18 without the approval of his therapist and community corrections officer and supervision by an adult familiar with his offense." Seven months after his release, Davis was "found guilty of violating the terms of his community placement for having unauthorized contact with a 15 year old minor male" and was returned to custody.

The State argues that his violation of the community placement term meets the statutory definition of a recent overt act. But the State's description of the incident is based solely on the Certification for Determination of Probable Cause filed by the State in support of its probable cause motion in the sexual predator proceeding.[50] There are no findings in the record before us indicating that Davis' unauthorized contact with the 15-year-old boy "caused harm of a sexually violent nature or create[d] a reasonable apprehension of such harm."[51] Because the State did not prove a recent overt act by Davis at the community placement violation hearing, Davis was not incarcerated for a recent overt act on the day the sexual predator petition was filed.

Having concluded that Davis was not incarcerated for either a sexually violent offense or an act that would have qualified as a recent overt act at the time the State's petition was filed, *Henrickson* requires the State to plead and prove Davis committed a recent overt act at his commitment trial. Accordingly, we reverse and remand this case for a new trial. On remand, the State must prove Davis committed a recent overt act beyond a reasonable doubt.[52]

---

[50] The State alleges that Davis met with a 15-year-old boy named "M." three times and provided him with beer at their first meeting. The State claims that on their last meeting "Davis invited [M.] up to his apartment, ostensibly for coffee. In the apartment, Davis fondled [M.]'s leg and then put his hand down [M.]'s pants, fondling his penis." Although these allegations, if proven, would likely constitute a recent overt act, there are no factual findings in the record establishing the truth of the State's allegations.

[51] Former RCW 71.09.020(5) (1995).

[52] *See* RCW 71.09.060(1).

▬

## II. Volitional Impairment

▆ Davis also argues that the United States Supreme Court's decision in *Kansas v. Hendricks*[53] requires the State to prove a lack of volitional control before an individual can be committed as a sexually violent predator. In upholding the constitutionality of Kansas' sexual predator statute, the Supreme Court in *Hendricks* stated that

> The precommitment requirement of a "mental abnormality" or "personality disorder" is consistent with the requirements of these other statutes that we have upheld in that it narrows the class of persons eligible for confinement to those who are *unable to control* their dangerousness.[54]

Relying on this language, Davis argues that the jury instructions should have stated that the State was required to show he is unable to control his sexual acts. We have previously considered and rejected this argument.[55] We adhere to our view, as stated in *In re Detention of Gordon*,[56] that "*Hendricks* does not require a jury to make a specific finding that the mental abnormality or personality disorder makes it impossible, or at least difficult, for an individual to control his dangerous behavior."[57] We therefore reject Davis' argument here.

Reversed and remanded for further proceedings.

Webster and Becker, JJ., concur.

---

[53] 521 U.S. 346, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997).

[54] *Id.* at 358 (emphasis added).

[55] *See In re Det. of Strauss*, 106 Wn. App. 1, 20 P.3d 1022 (2001); *In re Det. of Gordon*, 102 Wn. App. 912, 10 P.3d 500 (2000); *In re Det. of Brooks*, 94 Wn. App. 716, 973 P.2d 486, *review granted*, 138 Wn.2d 1021 (1999).

[56] 102 Wn. App. 912, 918, 10 P.3d 500 (2000).

[57] *Id.* at 918.