62 P.3d 514 (2003)
115 Wash.App. 252
In re DETENTION Of Richard A. BROTEN, Appellant.
No. 26704-7-II.
Court of Appeals of Washington, Division 2.
January 31, 2003.
*515 Gregory D. Weber, Gregory Prosser Canova, Seattle, WA, for Respondent.
Peter B. Tiller, Centralia, WA, for Appellant.

PART PUBLISHED OPINION
ARMSTRONG, J.
Richard Broten appeals his commitment after a jury found that he was a sexually violent predator. Broten served a prison sentence for child rape and was then released on community custody. But, he violated the community custody conditions[1] and was again incarcerated. While he was in custody for the violations, the State filed a sexual predator petition, including an allegation that Broten had committed a recent overt act. But shortly before trial, the State amended the petition to omit the recent overt act allegation. Broten argues that the trial judge erred in allowing the State to commit him without proving a recent overt act. Broten raises a number of other issues, including whether the court erred in admitting an expert's opinion based in part on actuarial studies, whether the commitment statutes violate due process, whether the court erred in instructing the jury, and whether his counsel was effective.[2] We hold that the court erred in allowing the State to commit Broten without proof of a recent overt act. Accordingly, we reverse and remand for a new trial.

FACTS
Richard Broten was convicted of indecent liberties in 1986 and first degree rape of a child in 1989. During mandatory polygraph interviews, he admitted to sexually offending against 35-60 victims. He began sexually offending as a child; his victims included children of both sexes, teenage, adult, and elderly women, relatives, friends, and strangers.
While on parole for the indecent liberties charge, Broten raped his infant daughter. He served a 75-month sentence in prison for this offense and then was released to community custody. During his community custody time, he "cruis[ed]" malls and parks, picked up a prostitute, possessed pornography, masturbated to fantasies of small children (including his daughter), and pursued a relationship with a mother of a small child, among other things. RP at 104. With each incident, Broten violated the terms of community custody; he was returned to incarceration a number of times. Ultimately, the judge revoked his community custody status, and he was serving the remainder of his *516 original sentence when the State filed this sexually violent predator petition.
The State's expert, Dr. Dreiblatt, testified that in his opinion Broten was a sexually violent predator. Dr. Dreiblatt had reviewed police reports, psychology reports, the Department of Corrections file, and reports from various treatment programs. He had also talked with Broten's therapists and interviewed Broten. He used four actuarial instruments to help determine the likelihood that Broten would reoffend. Broten had also retained an expert, but the expert apparently agreed with Dr. Dreiblatt's findings and Broten did not offer his testimony. Broten's counsel did cross-examine Dr. Dreiblatt about his actuarial tools.
The jury found that Broten suffered from a mental or personality disorder that made it difficult for him to control his behavior and made him likely to engage in future predatory sexual violence if not confined. The trial court accordingly ordered him committed, and he appeals.

ANALYSIS

I. Recent Overt Act
To involuntarily commit a person under the Sexually Violent Predator Act (SVPA), the State must prove beyond a reasonable doubt that the person is a sexually violent predator. RCW 71.09.060(1). A sexually violent predator is "any person who has been convicted of or charged with a crime of sexual violence and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(16). If the person is not "totally confined" at the time the State files the petition, the State must, in addition to the other elements, prove that the person has committed a recent overt act. RCW 71.09.060(1); .020(10). But when,
on the day a sexually violent predator petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6), or for an act that would itself qualify as a recent overt act, RCW 71.09.020(5), due process does not require the State to prove a further overt act occurred between arrest and release from incarceration.
In re Detention of Henrickson v. State, 140 Wash.2d 686, 695, 2 P.3d 473 (2000). A recent overt act is an act that causes harm or creates a reasonable apprehension of harm of a sexually violent nature. RCW 71.09.020(5).
Broten contends that since he was incarcerated for violating the conditions of community placement, not for the original offense, the State was required to prove a recent overt act.
Division One recently considered this issue. In re Detention of Davis, 109 Wash. App. 734, 37 P.3d 325 (2002). Davis was arrested and incarcerated for violating his community placement terms. Davis, 109 Wash.App. at 737, 37 P.3d 325. While he was in prison for this violation, the State filed a petition under the SVPA. Davis, 109 Wash. App. at 737, 37 P.3d 325. The court found that under a literal reading of the SVPA, the State would not have to prove that Davis committed a recent overt act. Davis, 109 Wash.App. at 743, 37 P.3d 325. But to equate incarceration for a community placement violation with incarceration for a sexually violent offense was fundamentally unfair, the court said, and raised due process concerns. Davis, 109 Wash.App. at 744, 37 P.3d 325.
To comport with due process, the State's statutory obligation to plead and prove a recent overt act beyond a reasonable doubt should not turn on whether the individual is found, by only a preponderance of the evidence, to have violated community placement terms which may be vague or relatively insignificant.
Davis, 109 Wash.App. at 745, 37 P.3d 325.
Our Supreme Court has further clarified the role of due process in SVPA cases. In re Detention of Albrecht, 147 Wash.2d 1, 51 P.3d 73 (2002). After serving a sentence for child molestation, Albrecht was released to community placement. Albrecht, 147 Wash.2d at 4, 51 P.3d 73. He violated conditions of his community placement and was sanctioned with jail time. Albrecht, 147 Wash.2d at 5, 51 P.3d 73. While *517 he was in jail for the community placement violation, the State filed a petition to commit Albrecht under the SVPA; the court allowed the State to do so without the need to prove a recent overt act. Albrecht, 147 Wash.2d at 5-6, 51 P.3d 73. The Court agreed that due process does not require the State to prove a recent overt act when the alleged sexually violent predator has not been released into the community since his last conviction. Albrecht, 147 Wash.2d at 10, 51 P.3d 73. But "[a]fter the offender has been released into the community, proof of a recent overt act is no longer an impossible burden for the State to meet." Albrecht, 147 Wash.2d at 10, 51 P.3d 73. "[O]nce the offender is released into the community, as Albrecht was, due process requires a showing of current dangerousness." Albrecht, 147 Wash.2d at 10, 51 P.3d 73. The State is only relieved of its burden of proving a recent overt act if the offender has not been released from total confinement since he was convicted. Albrecht, 147 Wash.2d at 10, 51 P.3d 73.
Here, Broten had served his jail sentence and was released to community custody. But after too many violations, his community custody status was revoked and he was returned to prison to serve the remainder of his original sentence. He was incarcerated when the State filed its petition, but he had spent time in the community and had the opportunity to overtly act. Thus, "proof of a recent overt act [was] no longer an impossible burden for the State to meet." Albrecht, 147 Wash.2d at 10, 51 P.3d 73. Accordingly, to meet due process standards, the State must prove that Broten committed a recent overt act.
But the State argues that Broten was at least incarcerated for acts that "constituted recent overt acts." Resp. Br. at 27. The State is not required to prove a recent overt act if Broten was incarcerated for acts that qualify as recent overt acts. Henrickson, 140 Wash.2d at 695, 2 P.3d 473. "Recent overt act" at the time of Broten's incarceration was defined as "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." Former RCW 71.09.020(5) (Laws of 2000). We reject the argument for the same reasons the Davis court did. Broten was sanctioned for violating the conditions of his community placement. We have no record of that proceeding. And the jury in the sexually violent predator hearing made no finding that Broten had committed a recent overt act. We are left, then, with no finding by either a judge or jury that Broten committed a recent overt act.[3]
Thus, we reverse and remand for a new trial. At the new trial, the State must prove a recent overt act before Broten is committed. Because we remand for a new trial, we address only those issues that are likely to occur again.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
I concur: QUINN-BRINTNALL, J.
HUNT, C.J., dissenting.
I respectfully dissent. I disagree that Albrecht[1] controls here. The key distinction between Albrecht and the case before us is that Albrecht had completed the confinement component of his sentence at the time he was released to community supervision. This was not the case, however, for Broten, who was on parole and still had confinement time remaining to be served when he was released to community supervision.

I. INTRODUCTION
Our Legislature has provided several methods for charging a person with being a sexually violent predator. RCW 71.09.030. Generally, if a person convicted of a sexually *518 violent offense has been released from "total confinement," the State must allege and prove that he has committed "a recent overt act." RCW 71.09.010(5). But "due process does not require the State to prove a further overt act occurred between [the recent] arrest and [earlier] release from incarceration,"
[w]hen on the day a sexually violent predator petition is filed, an individual is incarcerated for a sexually violent offense, RCW 71.09.020(6),[[2]] or for an act that would itself qualify as a recent overt act, RCW 71.09.020(5)....

In re Detention of Henrickson, 140 Wash.2d 686, 695, 2 P.3d 473 (2000) (emphasis added).[3]
Here, on the day the State filed his sexually violent predator petition, Broten was incarcerated for a sexually violent offense, namely his 1991 child rape conviction, for which he had not completed serving his term of confinement. Thus, under Henrickson, the State did not need to prove a recent overt act.

II. INCARCERATION

A. TEMPORARY INCARCERATION FOR COMMUNITY PLACEMENT VIOLATIONS
Broten had been previously convicted and sentenced to prison for two sexually violent offenses. The first was for indecent liberties[4] against his 8-year-old female cousin, for which he had been sentenced to a minimum of 18 months and a maximum of 120 months on December 1, 1986. Exhibit 1.
In 1989, while on parole from the indecent liberties sentence, Broten was charged with his second offense, first degree child rape of his infant daughter, under the age of one year. On December 31, 1990, he pled guilty to this rape, for which, on January 22, 1991, he was sentenced to 57 to 75 months in prison, to be served consecutively with his earlier indecent liberties sentence. Clerk's Papers (CP) at 2-3.
Broten was again paroled on August 12, 1992. On May 8, 1997, he was released to community custody[5] status on the following conditions: (1) no contact with minor children unless a responsible adult aware of the conviction was present; (2) no contact with the victim of the crime; (3) no consumption of alcohol; (4) maintaining a place of residence approved by the Department of Corrections (DOC); and (5) compliance with any ordered or requested treatment.
On August 29, 1997, Broten's parole was revoked; he returned for six days to DOC, which released him back on parole on September 5, 1997. On October 28, 1997, Broten's parole was again revoked; this time he returned to DOC for 120 days.
On February 25, 1998, Broten was again released to community supervision.[6]

B. "TOTAL CONFINEMENT"
Again, Broten violated the conditions of his release. This time, Broten's community custody status was terminated on June 30, 1998, at which time he was returned to prison to serve the remainder of his prison term for *519 his child rape conviction. He has been in custody since that time. CP at 5.
Thus, Broten was incarcerated for his 1991 sexually violent offense at the time the State filed its sexual predator petition on November 9, 1998. CP at 10. He remained incarcerated for this 1991 child rape conviction when the State amended the sexual predator petition to delete the "recent overt act" allegation on June 22, 2000. CP at 543-44.

III. ALBRECHT INAPPLICABLE
Justice Owens' dissent in Albrecht notes that the majority opinion contains contradictory paragraphs.[7] I read the majority as attempting to smooth out those contradictions in response to the dissent. The Albrecht majority relates the pertinent facts as follows:
Albrecht was sentenced to 48 months of confinement followed by a period of community supervision, with credit for 197 days served. On July 22, 1996, after serving the 48 months, he was released to community placement.
....
Thirty days after release from prison... Albrecht was arrested for violating the conditions of his community placement....
Albrecht, 147 Wash.2d 1, 4-5, 51 P.3d 73 (2002) (footnote omitted). Thereafter, Albrecht agreed to a 120-day jail sentence for this community placement violation.
While Albrecht was serving the jail sentence for this violation, the State filed a sexually violent predator petition, ultimately amending the petition to delete the "recent overt act" allegation. The trial court allowed this deletion, reasoning that because Albrecht had been "totally confined" when the State filed the petition, the State did not need to prove a recent overt act. Albrecht, 147 Wash.2d at 5-6, 51 P.3d 73.
Division Three reversed, holding that "the trial court should have required proof of a recent overt act," despite that Albrecht was in custody for violation of his community placement conditions. Albrecht, 147 Wash.2d at 6, 51 P.3d 73. Following a petition for review, the Supreme Court remanded to Division Three for reconsideration in light of Henrickson, 140 Wash.2d at 686, 2 P.3d 473. On remand, "[t]he Court of Appeals was not persuaded that Henrickson required a different result." Albrecht, 147 Wash.2d at 6, 51 P.3d 73.
In Albrecht, the Court reiterated its Henrickson holding that "`[a]lthough chapter 71.09 RCW excuses the State from proof of a recent overt act when a petition is filed against an incarcerated individual, the commitment at issue must still satisfy due process.' Henrickson, 140 Wash.2d at 694, 2 P.3d 473 (citing [PRP of] Young, 122 Wash.2d [1] 27 [857 P.2d 989 (1993)])." Albrecht, 147 Wash.2d at 9, 51 P.3d 73. The Court further explained:
To relieve the State of the burden of proving a recent overt act because an offender is in jail for a violation of the conditions of community placement would subvert due process. An individual who has recently been free in the community and is subsequently incarcerated for an act that would not in itself qualify as an overt act cannot necessarily be said to be currently dangerous.
Albrecht, 147 Wash.2d at 10-11, 51 P.3d 73 (emphasis added).
Herein lies the distinction: Albrecht, who had completed his term of confinement and had been released, was subsequently jailed simply for violation of community placement conditions. In contrast, Broten had not completed his term of confinement for which he had been sentenced as a convicted child rapist. Although he had been conditionally released to community supervision, and had served jail time for violations of those conditions, his most recent violations triggered his reconfinement to serve the remainder of his original prison term. Unlike Albrecht, this time, Broten was not merely given a specific number of days in jail as punishment for community release violations.
The Albrecht majority articulates this difference in footnote 10:
Henrickson's case was consolidated with that of Michael Halgren. After Henrickson's *520 conviction in 1990, he appealed and the court permitted Henrickson to remain free on bond for three years during the pendency of the appeal. Similarly, Halgren had been released into the community for three months pending sentencing. Henrickson is distinguishable from Albrecht because both Henrickson and Halgren were released into the community before their convictions were finalized, whereas Albrecht was released after completion of his sentence of incarceration.

Albrecht, 147 Wash.2d at 9 n. 10, 51 P.3d 73. Again, unlike Albrecht, and analogous to Henrickson and Halgren, Broten had previously been released into the community before completion of his sentence of incarceration.
In response to the dissent, the Albrecht majority further underscores its prior ruling in Henrickson:
The dissent reads our opinion to cast doubt on the continued validity of Henrickson. We respectfully disagree. Henrickson remains good law. Our opinion speaks only to the limited situation where the State files a sexual predator petition on an offender (1) who has been released from confinement (2) but is incarcerated the day the petition is filed (3) on a charge that does not constitute a recent overt act. Henrickson is not implicated.
Albrecht, 147 Wash.2d at 11 n. 11, 51 P.3d 73 (emphasis added). Again, Broten does not fit the situation described in this footnote. Broten was not incarcerated on a charge that does not constitute a recent overt act; rather, he was incarcerated to serve the remainder of his prison term for his original violent sex offense conviction.
That Broten's return to prison was triggered by his community supervision violations does not mean that he was incarcerated merely for a community supervision violation. Instead, Broten's return to incarceration was simultaneous with termination of his community supervision status: As was the case before enactment of the SRA, Broten's parole was revoked and he returned to prison to serve the rest of his 1991 sentence for child rape. As the dissent in Albrecht points out, and the majority does not refute, "under Washington law, `parole revocations are consequences of the original prosecution rather than part of a new prosecution.' ... `[T]he punishment is part of the sanction for the original ... crime.' [State v.] Prado, 86 Wash.App. [573,] 578, [937 P.2d 636, review denied, 133 Wash.2d 1018, 948 P.2d 388 (1997)]." Albrecht, 147 Wash.2d at 13-14, 51 P.3d 73 (federal citation omitted) (first emphasis mine).
Accordingly, I would take this opportunity to clarify Albrecht and Henrickson.[8] I would hold that Henrickson, and not Albrecht, applies to Broten. And I would affirm.
NOTES
[1] Both Broten and the State use "community custody" and "community placement" interchangeably when discussing Broten's status at the time the State filed the petition. But both agree that when the petition was filed, Broten was serving the remainder of his sentence. Thus, the distinction is irrelevant in resolving this case. We use the term "community custody" because Broten says he was returned to prison when his community custody status was terminated.
[2] At oral argument, Broten raised the issue of less restrictive alternatives. We decline to consider this issue because Broten did not assign error to it. RAP 10.3(g).
[3] Due process concerns would arise if the State sought to have the violations hearing judge find that the defendant's conduct amounted to a recent overt act. Broten is entitled to a jury determination of his status as a sexually violent predator and the burden of proof is beyond a reasonable doubt. RCW 71.09.050(3); .060(1). The issue is not before us.
[1] In re the Detention of Albrecht, 147 Wash.2d 1, 51 P.3d 73 (2002).
[2] Currently, RCW 71.09.020(15).
[3] Original sequence of quoted clauses inverted for emphasis.
[4] Indecent liberties against a child under age fourteen is a "sexually violent offense." RCW 71.09.020(15). Indecent liberties is a class B felony. RCW 9A.44.100.
[5] RCW 9.94A.030(5):

"Community custody" means that portion of an offender's sentence of confinement in lieu of earned release time or imposed pursuant to RCW 9.94A.505(2)(b), 9.94A.650 through 9.94A.670, 9.94A.690, 9.94A.700 through 9.94A.715, or 9.94A.545, served in the community subject to controls placed on the offender's movement and activities by the department....
[6] RCW 9.94A.030(9):

"Community supervision" means a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court pursuant to this chapter or RCW 16.52.200(6) or 46.61.524.... For purposes of the interstate compact for out-of-state supervision of parolees and probationers, RCW 9.95.270, community supervision is the functional equivalent of probation and should be considered the same as probation by other states.
[7] Albrecht, 147 Wash.2d at 15-16, 51 P.3d 73.
[8] Dissent: "Where the majority opinion leaves our holding in Henrickson is not at all clear." Albrecht, 147 Wash.2d at 15, 51 P.3d 73.